# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

In re: **Sakena Hamilton**

Case No. **18-06512**

Chapter **13**

Debtor

Address:
790 Patch Dr.
Spartanburg, SC 29302
SSN: xxx-xx-4125

## NOTICE OF CONFIRMATION HEARING

The Debtor in the above-captioned case filed a chapter 13 plan on February 19, 2019. The plan is attached, or will be separately mailed to you by the Debtor.

**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be filed with the Court at 1100 Laurel St., Columbia, SC 29201-2423 and served on the chapter 13 trustee, the Debtor, and any attorney for the Debtor at least seven days prior to the confirmation hearing. Objection to confirmation may be overruled if the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed on recommendation of the trustee.

The confirmation will be held on **April 11, 2019** at **10:00** a.m., Location: Donald Stuart Russell Federal Courthouse, 201 Magnolia St, Spartanburg, South Carolina 29306.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the plan and may enter an order confirming the plan.

2/19/19
Date

/s/ Edward L. Bailey
Edward L. Bailey, Attorney at Law
251 South Pine Street
Spartanburg, South Carolina 29302
(864) 582-3733
District Court I.D. No. 1153

**Fill in this information to identify your case:**

Debtor 1: **Sakena Hamilton**
        First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing): First Name      Middle Name      Last Name

United States Bankruptcy Court for the District of South Carolina

Case Number (If known): **18-06512**

☒ Check if this is a modified plan and list below the sections of the plan that have been changed.

☒ Pre-confirmation modification

☐ Post-confirmation modification

Section(s) 2.1, 3.3, 6.1

## District of South Carolina
## Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.
If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☒ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☒ Not included |

### Part 2: Plan Payments and Length of Plan

2.1 The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:
       $ **490.00** per month for **60** months
The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court. Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner: *Check all that apply.*

     ☐ The debtor will make payments pursuant to a payroll deduction order.

     ☒ The debtor will make payments directly to the trustee.

     ☐ Other (specify method of payment):

2.3 Income tax refunds. *Check one.*

     ☒ The debtor will retain any income tax refunds received during the plan term.

     ☐ The debtor will treat income tax refunds as follows:

2.4 Additional payments. *Check one.*

Debtor(s): Sakena Hamilton                                                                                                Case Number: 18-06512

☐ The debtor will treat income tax refunds as follows:

2.4 **Additional payments.** *Check one.*

☒ None. *If "None" is checked, the rest of §2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

3.1 **Maintenance of payments and cure or waiver of default, if any.** *Check all that apply. Only relevant sections need to be reproduced.*

☒ None. *If "None" is checked, the rest of §3.1 need not be completed or reproduced.*

3.2 **Request for valuation of security and modification of undersecured claims.** *Check one.*

☒ None. *If "None" is checked, the rest of §3.2 need not be completed or reproduced.*

3.3 **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.** *Check one.*

☐ None. *If "None" is checked, the rest of §3.3 need not be completed or reproduced.*

☒ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Santander Consumer USA ***1000 | 2014 Nissan Altima | $ 15,576 | 6 % | $ 306 (or more)<br>Disbursed by<br>☒ Trustee ☐ Debtor |

3.4 **Lien Avoidance.** *Check one.*

☐ None. *If "None" is checked, the rest of §3.4 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien. Choose the appropriate form for lien avoidance.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| **Security Finance ***0557**<br>All property in security agreement | $ 905 | $ N/A | $ 2,555<br>S.C. Code § 15-41-30 (3), (4), & (7) | $ 2,555 | $ None | $ All |
| **World Finance ***9201**<br>All property in security agreement | $ 420 | $ N/A | $ 2,555<br>S.C. Code § 15-41-30 (3), (4), & (7) | $ 2,555 | $ None | $ All |

3.5 **Surrender of collateral.** *Check one.*

☒ None. *If "None" is checked, the rest of §3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

4.1 **General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the court . Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

Debtor(s): Sakena Hamilton                                                                                                  Case Number: 18-06512

### 4.2 Trustee's fees
Trustee's fees are governed by statute and may change during the course of the case.

### 4.3 Attorney's fees
a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims, and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.
b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. §330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $ **N/A** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $ **N/A** or less.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5. *Check all that apply.*

☒ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):
a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to **N/A**, at the rate of $ **N/A** or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☐ **Other Priority Debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount. *Check one.*

☒ None. *If "None" is checked, the rest of §4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified. *Check one.*
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☒ The debtor estimates payments of less than 100% of claims.

☐ The debtor proposes payment of 100% of claims.

☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☒ None. *If "None" is checked, the rest of §5.2 need not be completed or reproduced.*

### 5.3 Other separately classified nonpriority unsecured claims. *Check one.*

☒ None. *If "None" is checked, the rest of §5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ None. *If "None" is checked, the rest of §6.1 need not be completed or reproduced.*

☒ Assumed items. Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| NPRTO South-East, LLC | Home furnishings | $ 222.95 | $ 465.62 | $ 39 (or more) |

## Part 7: Vesting of Property of the Estate

### 7.1 Property of the estate will vest in the debtor as stated below. *Check the applicable box.*

☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Debtor(s): Sakena Hamilton                                                                                                Case Number: 18-06512

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in Section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8:  Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**

☒ None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9:  Signature(s)

**9.1  Signatures of the debtor and the debtor's attorney**
*The debtor and the attorney for the debtor, if any, must sign below.*

_/s/ Sakena Hamilton_                                                                    _2/19/19_
Signature of Debtor 1                                                                    Executed on

_/s/ Edward L Bailey_                                                                    _2/19/19_
Signature of Attorney for the debtor    DCID 1153                            Date

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

In re    Sakena Hamilton                             Case No.  18-06512

                                                     Chapter   13
         Debtor(s)


## CERTIFICATE OF SERVICE

ALL INTERESTED PARTIES, THE TRUSTEE AND ALL CREDITORS listed on the attached mailing matrix were served with the CHAPTER 13 PLAN and NOTICE OF CONFIRMATION HEARING electronically or by regular United States mail on the date below.

_2/19/19_
Date of Service

/s/ Edward L. Bailey
Edward L. Bailey, Attorney at Law
251 South Pine Street
Spartanburg, South Carolina 29302
(864) 582-3733
District Court I.D. No. 1153

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-7<br>Case 18-06512-hb<br>District of South Carolina<br>Spartanburg<br>Tue Feb 19 10:29:55 EST 2019 | Edward L. Bailey<br>251 South Pine Street<br>Spartanburg, SC 29302-2626 | CAPITAL ONE<br>ATTN: BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 |
| CAPITAL ONE<br>PO BOX 30253<br>SALT LAKE CITY UT 84130-0253 | CARSON SMITHFIELD<br>PO BOX 9216<br>OLD BETHPAGE NY 11804-9016 | CHASE RECEIVABLES<br>1247 BROADWAY<br>SONOMA CA 95476-7503 |
| CREDIT PROTECTION ASSOCIATION<br>13355 NOEL RD STE 2100<br>DALLAS TX 75240-6837 | CREDIT PROTECTION ASSOCIATION<br>ATTN: BANKRUPTCY<br>PO BOX 302068<br>DALLAS TX 75380 | ERC/ENHANCED RECOVERY CORP<br>ATTN: BANKRUPTCY<br>8014 BAYBERRY ROAD<br>JACKSONVILLE FL 32256-7412 |
| ERC/ENHANCED RECOVERY CORP<br>PO BOX 57547<br>JACKSONVILLE FL 32241-7547 | FIRST NATIONAL COLLECTION<br>DIRECTV<br>PO BOX 5007<br>CAROL STREAM IL 60197-5007 | FIRST PREMIER BANK<br>601 S MINNESOTA AVE<br>SIOUX FALLS SD 57104-4868 |
| FIRST PREMIER BANK<br>ATTN: BANKRUPTCY<br>PO BOX 5524<br>SIOUX FALLS SD 57117-5524 | Sakena Hamilton<br>790 Patch Dr.<br>Spartanburg, SC 29302-3071 | Gretchen D. Holland<br>Ch. 13 Trustee Office<br>20 Roper Corners Circle, Suite C<br>Greenville, SC 29615-4889 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MEDICREDIT, INC<br>PO BOX 1629<br>MARYLAND HEIGHTS MO 63043-0629 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| MERRICK BANK/CARDWORKS<br>ATTN: BANKRUPTCY<br>PO BOX 9201<br>OLD BETHPAGE NY 11804-9001 | MERRICK BANK/CARDWORKS<br>POB 9201<br>OLD BETHPAGE NY 11804-9001 | MIDLAND FUNDING<br>2365 NORTHSIDE DR STE 30<br>SAN DIEGO CA 92108-2709 |
| MIDLAND FUNDING<br>2365 NORTHSIDE DR STE 300<br>SAN DIEGO CA 92108-2709 | NATIONAL CREDIT SYSTEM<br>3750 NATURALLY FRESH BLV<br>ATLANTA GA 30349-2964 | NATIONAL CREDIT SYSTEM<br>PO BOX 31215<br>ATLANTA GA 31131 |
| NC DOR<br>PO BOX 1168<br>RALEIGH NC 27602-1168 | NPRTO South-East, LLC<br>256 West Data Drive<br>Draper, UT 84020-2315 | North Carolina Department of Revenue<br>Bankruptcy Unit<br>PO Box 1168<br>Raleigh, NC 27602-1168 |
| PHILADELPHIA PARKING AUTHORITY<br>701 MARKET STE. STE. 5400<br>PHILADELPHIA PA 19106-2895 | PROGRESSIVE LEASING<br>256 WEST DATE DRIVE<br>DRAPER UT 84020-2315 | Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 |

| | | |
|---|---|---|
| RAPITAL CAPITAL<br>40 E. MAIN ST., STE. 580R<br>NEWARK DE 19711-4639 | REGIONS BANK<br>235 S. PINE ST.<br>SPARTANBURG SC 29302-2618 | RIVERBEND CASH<br>PO BOX 557<br>HAYS MT 59527-0557 |
| Rapital Capital<br>PO Box 1329<br>Kahnawake, Quebec J0L 1B0<br>PO BOX 1329 Kahnawake, Qc J0L1B0 | SANTANDER CONSUMER USA<br>ATTN: BANKRUPTCY<br>PO BOX 961245<br>FORT WORTH TX 76161-0244 | SANTANDER CONSUMER USA<br>PO BOX 961245<br>FT WORTH TX 76161-0244 |
| SC DEPT OF REVENUE*<br>PO BOX 12265<br>COLUMBIA SC 29211-2265 | SECURITY FINANCE<br>ATTN: BANKRUPTCY<br>PO BOX 1893<br>SPARTANBURG SC 29304-1893 | SECURITY FINANCE<br>PO BOX 3146<br>SPARTANBURG SC 29304-3146 |
| SFC Central Bankruptcy<br>PO Box 1893<br>Spartanburg, SC 29304-1893 | Santander Consumer USA Inc.<br>P.O. Box 560284<br>Dallas, TX 75356-0284 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St.<br>Suite 953<br>Columbia, SC 29201-2448 |
| US DEPTARTMENT OF EDUCATION/GREAT LAKES<br>2401 INTERNATIONAL LANE<br>MADISON WI 53704-3121 | US DEPTARTMENT OF EDUCATION/GREAT LAKES<br>ATTN: BANKRUPTCY<br>PO BOX 7860<br>MADISON WI 53707-7860 | VBS ADVANCE CASH<br>PO BOX 10<br>PARSHALL ND 58770-0010 |
| WORLD ACCEPTANCE/FINANCE CORP<br>ATTN: BANKRUPTCY<br>PO BOX 6429<br>GREENVILLE SC 29606-6429 | World Finance Corp. c/o World Acceptance Cor<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | |
|---|---|
| (d)EDWARD L. BAILEY<br>251 SOUTH PINE STREET<br>SPARTANBURG SC 29302-2626 | End of Label Matrix<br>Mailable recipients   46<br>Bypassed recipients    1<br>Total                  47 |